FILED

2011 AUG 10  PM 12: 00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

1  LAW OFFICES OF RICHARD A. PROAPS
   Richard Proaps, Esq. (Cal. SBN 78898)
2  rproaps@aol.com
   8150 Greenback Lane, Bldg. 200
3  Fair Oaks, California 95628
   Tel: (916) 722-1665
4  Fax: (916) 722-4881

5  Attorneys for Plaintiff
   LEE CHERAMIE

6

7

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

                                        CV11-6549 R (AJWx)
11  **LEE CHERAMIE**, individually and on     CASE NO.:
    behalf of all others similarly situated,
12                                           CLASS ACTION
             Plaintiffs,
13                                           COMPLAINT FOR EQUITABLE
       v.                                    RELIEF AND DAMAGES
14
    **HBB, LLC**, a Tennessee limited        JURY TRIAL DEMANDED
15  liability company, and DOES 1 through
    10, inclusive,
16
             Defendants.
17

18      Plaintiff, LEE CHERAMIE, by and through counsel, files this Complaint for

19  Equitable Relief and Damages, individually and on behalf of all others similarly

20  situated, and alleges against Defendant,  HBB, LLC ("HBB," or "Defendant"), as

21  follows:

22                  **I. VENUE AND JURISDICTION**

23      1.    This Court has jurisdiction over the subject matter presented by this

24  Complaint because it is a class action arising under the Class Action Fairness Act of

25  2005 ("CAFA"), 28 U.S.C. §1332, *et seq.*, which explicitly provides for the original

26  jurisdiction of the federal courts over any class action in which any member of the

27  plaintiff class is a citizen of a state different from any Defendant, and in which the

28

                                     1

1    matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive

2    of interest and costs.

3           2.     As set forth below, Plaintiff is a citizen of California, and Defendant

4    can be considered a citizen of Tennessee. Therefore, diversity of citizenship exists

5    under CAFA, as required by 28 U.S.C. § 1332(d)(2)(A).

6           3.     The total claims of the individual members of the Plaintiff Class in this

7    action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and

8    costs, as required by 28 U.S.C. § 1332(d)(2), (5).

9           4.     More than two-thirds of all of the members of the proposed Plaintiff

10   Class in the aggregate are citizens of a state other than California, where this action

11   is originally being filed, and that the total number of members of the proposed

12   Plaintiff Class is greater than 100, pursuant to 28 U.S.C. § 1332(d)(5)(B).

13          5.     This Court has authority to exercise personal jurisdiction over

14   Defendant because HBB, directly and through its agents, has substantial contacts

15   with and receives benefits and income from and through the State of California.

16          6.     Venue in this Judicial District is proper pursuant to 28 U.S.C. §1391(a)

17   because, as set forth below, Defendant conducts business in this Judicial District,

18   and Plaintiff purchased the subject product of this action in this Judicial District.

19          7.     The Declaration of Richard Proaps, Pursuant to Civil Code §1780(c) of

20   the Consumers Legal Remedies Act, Civil Code §1750, *et seq*. ("CLRA") regarding

21   venue under the California Consumer Legal Remedies Act is being concurrently

22   filed, or forthwith thereafter, with the Court.

23                                    **II. PARTIES**

24          8.     Plaintiff LEE CHERAMIE is an individual who at all times relevant

25   herein was over the age of 18 and a citizen of California. He resides in Venice,

26   County of Los Angeles, and purchased the subject product of this Complaint in this

27   District.

28

                                            2

CLASS ACTION COMPLAINT FOR              CASE NO.:
EQUITABLE RELIEF AND DAMAGES

9. Defendant HBB, LLC is a Tennessee limited liability company that manufactures and distributes the product "Lazy Cakes." HBB lists with the Tennessee Secretary of State its principal place of business as being located at 1837 Harbor Avenue, Memphis, TN 38113, and an agent for service of process by the name of Terry Harris, whose address is listed as 1837 Harbor Avenue, PO Box 13311, Memphis, TN 38113.

10. HBB is the manufacturer, distributor, marketer, promoter, and seller of the subject product of this Complaint, "Lazy Cakes," an edible brownie-like relaxation aid, and conducts business in this jurisdiction and in this Judicial District by advertising and sale of its products to wholesalers and retailers, and through its agents that deliver and sell Lazy Cakes to consumers.

## III. GENERAL ALLEGATIONS

11. All allegations herein, except as to Plaintiffs as set forth herein, are based on information and belief and are likely to have evidentiary support after reasonable opportunity for further investigation and discovery.

12. At all times relevant herein, HBB and its subsidiaries, affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of HBB, and at all times relevant herein, each was acting within the purpose and scope of that agency and employment.

13. At all times relevant herein, the distributors and retailers who delivered and sold Lazy Cakes, as well as their respective employees, also were HBB's agents, servants and employees, and at all times herein, each was acting within the purpose and scope of that agency and employment.

14. The true names and capacities of Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sue said Defendants, and each of them, by such fictitious names. Plaintiff will amend this Complaint to identify their true names and capacities when the same has been ascertained.

3

Defendant named herein and each of said fictitiously named Defendants are negligently or otherwise legally responsible in some manner for the occurrences herein alleged and that the injuries and damages as hereinafter alleged were proximately caused by said negligence or other acts.

15.     Whenever reference in this Complaint is made to any act by HBB or its subsidiaries, affiliates, distributors, retailers and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of HBB committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of HBB while actively engaged in the scope of their duties.

# IV. FACTUAL ALLEGATIONS

16.     HBB manufactures, markets, advertises and sells a brownie-like relaxation aid throughout the United States known as Lazy Cakes. Also referred to as "the relaxation brownie." Lazy Cakes are baked with melatonin (N-acetyl-5-methoxytryptamine), a hormone that controls the sleep cycle.[1]

17.     Melatonin is not regulated by the Food and Drug Administration (FDA) or any other regulatory agency nor has it been evaluated for effectiveness, safety or purity.[2] All potential risks of melatonin may not be known and research as to its efficacy, safety, side effects and proper dosage is inconsistent and inconclusive.[3]

18.     The Product, packaged as an individual brownie, contains a total of 8 milligrams of melatonin. The serving size of Lazy Cakes is one half of the Product.

19.     Lazy Cakes retails around $3.00 per brownie while melatonin supplements in pill form containing the same dosage cost approximately $0.10.

---

[1]  *Melatonin*, SLEEPDEX.ORG, *available at* http://www.sleepdex.org/melatonin.htm, (last visited May 28, 2011).
[2]  *Id.*
[3]  *Id.*

4

CLASS ACTION COMPLAINT FOR                         CASE NO.:
EQUITABLE RELIEF AND DAMAGES

20.    The FDA does not regulate supplements, however it does regulate food products. The makers of Lazy Cakes are attempting to market the packaged brownie as a supplement and not a food product.[4] Tim Barham, the vice president of HBB, stated, "We look at the brownie as a supplement."[5]

21.    On January 13, 2010, the FDA issued a warning letter to Innovative Beverage Groups Holdings, Inc., the makers of a beverage product "Drank."[6] Drank also contains melatonin. The letter stated the company was in violation of section 402(a)(2)(C) of the Federal Food, Drug, and Cosmetic Act [21 U.S.C. 342(a)(2)(C)] for using melatonin as an additive in its beverage product. The company has since marketed the product as a supplement.

22.    Lazy Cakes also contains a blend of valerian root, passion flower and rose hips. As with melatonin, these supplements are not regulated nor have they been proven effective or safe.

23.    Lazy Cakes are sold in convenience stores, tobacco shops and are available online with shipping available within the Continental United States.

24.    Melatonin is most commonly thought to ease insomnia and/or combat jet lag. Melatonin causes drowsiness and should not be taken while driving or operating heavy machinery. Dr. David S. Seres, the director of medical nutrition at Columbia Medical Center stated, "If you take [melatonin] while you're driving a car, you will find yourself in a ditch."[7]

25.    According to the Mayo Clinic, ingesting melatonin can produce a wide range of possible side effects that range from mild to potentially life threatening.[8] The mild side effects include dizziness, headaches, abdominal discomfort,

---

[4]  Catherine Saint Louis, *Dessert, Laid-Back and Legal,* N.Y. TIMES, May 14, 2011, *available at* http://www.nytimes.com/2011/05/15/us/15lazycakes.html?r=2&scp=1&sq=melatonin&st=cse (last visited May 28, 2011).
[5]  *Id.*
[6]  FDA Warning letter:  Innovative Beverage Group Holdings, Inc. 1/13/10, *available at* http://www.fda.gov/ICECI/EnforcementActions/WarningLetters/2010/ucm201435.htm.
[7]  *Id.*
[8]  *Melatonin Side Effects: What are the Risks?*, MAYOCLINIC.COM, *available at* http://www.mayoclinic.com/health/melatonin-side-effects/AN01717 (last visited May 28, 2011.

CLASS ACTION COMPLAINT FOR                          CASE NO.:
EQUITABLE RELIEF AND DAMAGES

confusion, sleepwalking and increased nightmares.  The more dangerous side effects include low blood pressure, seizures, depression or worsening depression, anxiety, and trouble breathing.[9] Additionally, it is noted that taking melatonin for longer than two months may be harmful.[10]

26.    The potential drowsiness effect of Lazy Cakes is listed only in small black print on the outer package of the Product.

27.    The Product does not warn of the other potentially life threatening side effects on their packaging.

28.    Doses of melatonin as low as 0.2 milligrams have been found to be effective as a sleep agent while one serving of Lazy Cakes has twenty times that amount.[11]

29.    On May 18, 2011, ABC News reported that "[c]hildren consuming too much melatonin is a documented problem. According to the American Association of Poison Control Centers, melatonin accounts for more calls to poison centers than any other herb or supplement, and most of the calls involve children."[12]

30.    A two year old boy in Arizona was hospitalized after eating a few bites of Lazy Cakes.[13]

31.    Reports have recently circulated throughout the United States that raise concern over the sale and distribution of Lazy Cakes.

32.    Upon information and belief, the Product is marketed toward children.[14]

---

[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Bad Brownie: Children Become Sick After Eating Brownie Made With Melatonin,* ABCNEWS.COM, *available at* http://abcnews.go.com/Health/children-sick-eating-brownies-melatonin/story?id=13622693 (last visited May 28, 2011).
[13] *Id.*
[14] *See* Sally MacDonald, *Lazy Cakes Draws Attention of Doctors,* MYFOXHOUSTON.COM, May 25, 2011, *available at* http://www.myfoxhouston.com/dpp/news/local/110525-lazy-cakes-draw-attention-of-doctors (last visited May 28, 2011).

CLASS ACTION COMPLAINT FOR                    CASE NO.:
EQUITABLE RELIEF AND DAMAGES

33. One parent noted that the "Lazy Larry" character on the Lazy Cakes packaging resembles the cartoon character Sponge Bob, which is commonly known to many children and young adults.[15]




34. As of May, 2011, the Arkansas Department of Health has banned Lazy Cakes from sale within the state[16] and two towns in Massachusetts are considering a ban on Lazy Cakes due to its kid-friendly marketing.[17]

35. Defendant had a duty to disclose the potential deleterious effects attributable to its Products as a result of the lack of safety in consuming such products as Defendant intended.

36. Due to its colorful, cartoon packaging, Defendant markets its product to a particularly vulnerable audience, notably impressionable children and young adults.

37. As a result of the deceptive marketing of Lazy Cakes as set forth above, Defendant has been able to charge a price premium for Lazy Cakes over similar melatonin supplements.

---

[15] *Id.*
[16] Christine Young, *Arkansas Bans Popular Lazy Cakes 'Relaxation Brownies,'* Fairwarning.org, May 20, 2011, *available at* http://www.fairwarning.org/2011/05/arkansas-bans-popular-lazy-cakes-relaxation-brownies/ (last visited May 28, 2011).
[17] *State May Ban 'Lazy Cakes' Brownies with Melatonin After Sleep Inducing Dessert Sickens Kids,* NYDAILYNEWS.COM, May 18, 2011, *available at* http://articles.nydailynews.com/2011-05-18/entertainment/29576153_1_lazy-cakes-melatonin-dietary-supplements (last visited May 28, 2011).

CLASS ACTION COMPLAINT FOR            CASE NO.:
EQUITABLE RELIEF AND DAMAGES

38. Based on the advertising and labeling of these products and the omissions of material facts from such labeling and advertising, Plaintiff Cheramie purchased Lazy Cakes on May 18, 2011, from http://www.mylazycakes.com, for $11.00. The product caused the Plaintiff to suffer from extreme fatigue, exhaustion, and slurred speech.

39. Nothing in the advertising, labeling, packaging, marketing, promotion and selling of Lazy Cakes gave Plaintiff any warning of the particular dangers of consuming melatonin nor of the potential limitation of this non-regulated supplement.

40. In an effort to continue reaping large financial gains from the sale of Lazy Cakes, HBB has omitted mention of these potentially harmful effects in its packaging, labeling, marketing, advertising and other promotion of Lazy Cakes. Because such information goes to the safety of the product, HBB was under a duty to disclose such information, which it failed to do. Plaintiff purchased Lazy Cakes based in substantial part on its advertising and labeling and the omissions of material facts from such labeling and advertising. While expecting to purchase a relaxation agent, he did not reasonably expect to be purchasing a potentially dangerous product which the reasonable consumer targeted by the advertising and promotion of such products could not have reasonably discovered. Given the foregoing, Plaintiff was misled by Defendant into purchasing and paying for a dangerous product that was not what it was represented to be and did not receive the benefit of their bargain.

41. As a result, Plaintiff suffered injury in fact and a loss of money or property in that he spent money purchasing Lazy Cakes at a price premium when it actually had significantly less value to him than was reflected in the price paid for it. Since Lazy Cakes has significantly less value to him, either by being harmed by the Product or mislead as to its efficacy, Plaintiff has suffered damage and injury in terms of the expenditure of the purchase price of Lazy Cakes. While Plaintiff seeks

8

redress for his economic injuries, he does not assert claims for personal injury, either individually or on behalf of the Plaintiff Class.

42.    The facts as stated herein were material in that had Plaintiff known the true undisclosed facts about Lazy Cakes set forth above, he would not have purchased the Product at all.

## V. CLASS ACTION ALLEGATIONS

43.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

44.    Pursuant to Federal Rule of Civil Procedure ("FRCP") 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of himself and all persons who, during the Class Period (defined as the period extending back four years prior to the filing of this action, or to the date Lazy Cakes was first sold, whichever is most recent), purchased for personal use Lazy Cakes manufactured, advertised and sold by Defendant.

45.    Defendant's practices and omissions were applied uniformly to all members of the Class, so that the questions of law and fact are common to all members of the Class. All members of the Class were and are similarly affected by not receiving disclosure of the risks associated with consuming Lazy Cakes, and the relief sought herein is for the benefit of Plaintiff and members of the Class. HBB's marketing, advertising and promotional practices as detailed above were targeted and applied uniformly to all members of the Class throughout the relevant time period, so that the questions of law and fact detailed herein are common to all members of the Class. All Class members were and are similarly affected by purchasing Lazy Cakes for its intended and foreseeable purpose as promoted, advertised, packaged, and labeled by HBB and as set forth in detail above.

46.    Excluded from the Class are employees and agents of Defendant, the Judge and his or her relatives back to the second degree of affinity, officers and directors of Defendant, and counsel for Plaintiff and the Class.

9

47. The proposed Class is so numerous that joinder of all members would be impracticable. Based on the annual sales of Lazy Cakes and its popularity, it is apparent that the number of consumers of Lazy Cakes would be so large as to make joinder impossible.

48. Questions of law and fact common to the Class exist that predominate over questions affecting only individual members, including, *inter alia*:

    a. Whether Defendant's practices, representations and failure to warn of the dangers of Lazy Cakes made in connection with the labeling, packaging, advertising, marketing, promotion and sales of Lazy Cakes were deceptive, unlawful or unfair in any respect, thereby violating California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, *et seq*.;

    b. Whether Defendant's practices, representations and failure to warn of the dangers of Lazy Cakes made in connection with the labeling, packaging, advertising, marketing, promotion and sales of Lazy Cakes were deceptive, unlawful or unfair in any respect, thereby violating California's False Advertising Law ("FAL"), Bus. & Prof Code § 17500, *et seq*.;

    c. Whether Defendant's practices made in connection with the labeling, packaging, advertising, marketing, promotion and sales of Lazy Cakes violated California's Consumers Legal Remedies Act, California Civil Code § 1750, *et seq*.;

    d. Whether Defendant misrepresented the characteristics or other aspects of Lazy Cakes;

    e. Whether Defendant failed to disclose, withheld or misrepresented material information regarding adverse health effects from the use of Lazy Cakes in an effort to deceive consumers;

CLASS ACTION COMPLAINT FOR      CASE NO.:
EQUITABLE RELIEF AND DAMAGES

f. Whether Defendant knowingly and intentionally concealed from Plaintiff and members of the Class material information regarding adverse health effects from the use of Lazy Cakes;

g. Whether Defendant's conduct as set forth above injured consumers and, if so, the nature and extent of the injury; and

h. Whether Defendant has been unjustly enriched, such that disgorgement of profits is proper, for the wrongful conduct set forth herein.

49. The claims asserted by Plaintiff in this action are typical of the claims of the members of the Class, as the claims arise from the same course of conduct by Defendant and the relief sought is common.

50. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

51. Certification of this class action is appropriate under Fed. R. Civ. Proc. 23 and California Civil Code §1781 to the extent applicable, because the questions of law or fact common to the respective members of the Class predominate over questions of law or fact affecting only individual members. This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims. Absent a class action, it would be highly unlikely that the representative Plaintiffs or any other members of the Class would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

52. Certification also is appropriate because Defendant acted or refused to act on grounds generally applicable to the Class, thereby making appropriate the relief sought on behalf of the Class as a whole. Further, given the large number of consumers of Lazy Cakes, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

11

53.    A class action is a fair and appropriate method for the group-wide adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the Courts that individual actions would engender.

54.    The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

## VI. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE UCL, BUS. & PROF. CODE §17200, *ET SEQ.*

55.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

56.    This cause of action is brought pursuant to Cal. Bus. & Prof. Code §17200, *et seq.*, which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

57.    Defendant's practices, as set forth above, were intended to promote the sale of Lazy Cakes and constitute unfair, deceptive and/or unlawful business practices within the meaning of California Bus. & Prof. Code §17200, *et seq.*

58.    Defendant committed unfair business acts and/or practices.

59.    The utility of Defendant's practices related to the advertising, labeling, packaging, marketing, promotion and selling of Lazy Cakes without warning of the dangers inherent in consuming a relaxation supplement containing melatonin is negligible, if any, when weighed against the harm to the general public, Plaintiff and members of the Class.

12

60.     The harmful impact upon members of the general public targeted by such practices and the Class who purchased and consumed Lazy Cakes outweighs any reasons or justifications by Defendant for the unfair business practices Defendant employed to sell Lazy Cakes described herein.

61.     Defendant had an improper motive (profit before accurate marketing) in its practices related to the advertising, labeling, packaging, marketing, promotion and selling of Lazy Cakes, as set forth above.

62.     The use of such unfair business acts and practices was and is under the sole control of Defendant, and was deceptively hidden from members of the Class and the general public in Defendant's advertising, labeling, packaging, marketing, promotion and selling of Lazy Cakes.

63.     Defendant committed a deceptive act or practice by failing to properly disclose to the consumers targeted by Defendant's advertising and promotional campaign the dangers associated with consuming Lazy Cakes, as set forth in detail above.  Defendant also committed a deceptive act or practice by using a cartoon character, "Lazy Larry", as a mascot for the product, as well as using vibrant colors and design in the packaging and labeling of Lazy Cakes.

64.     These deceptive acts and practices had a capacity, tendency, and/or likelihood to deceive or confuse reasonable consumers into believing that Lazy Cakes posed no risk to the health of those who consumed it.

65.     Defendant also committed unlawful business practices by violating the FAL and CLRA as set forth in detail below, as well as numerous Health and Safety Code and state regulations that make it illegal to sell any misbranded or adulterated food products.  For the reasons set forth above, the products at issue fall within the definition of misbranded or adulterated products.  The violations of these statutes serve as predicate violations of this prong of the UCL.

66.     As a purchaser and consumer of Defendant's Lazy Cakes, and as a member of the general public in California who purchased and used Lazy Cakes,

13

Plaintiff has standing and is entitled to and do bring this class action seeking all available remedies under the UCL.

67.    Pursuant to California Bus. & Prof. Code §17203, Plaintiff seeks an order of this Court for injunctive relief and disgorging and restoring all monies that may have been acquired by Defendant as a result of such unfair, deceptive and/or unlawful business acts or practices.

68.    Plaintiff, the Class and the general public may be irreparably harmed and/or denied an effective and complete remedy if such relief is not granted.

69.    As a result of Defendant's violations of the UCL, Plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm in terms of the price he paid for the Product.

70.    Pursuant to Civil Code §3287(a), Plaintiff and members of the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct.  The amount on which interest is to be applied is a sum certain and capable of calculation, and Plaintiff and members of the Class are entitled to interest in an amount according to proof.

## VII. SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FAL, BUS. & PROF. CODE §17500, *ET SEQ.*

71.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

72.    In violation of California Bus. & Prof. Code §17500, Defendant has disseminated, or caused to be disseminated advertising, labeling, packaging, marketing, and promotion of Lazy Cakes that is deceptive because of its failure to warn of the particular dangers inherent in consuming a food product enhanced with melatonin.

73.    Defendant compounded this deception by using vibrant colors and designs in the advertising, packaging and labeling of Lazy Cakes.

74.    These acts deceptively represented Lazy Cakes as posing no risk to the health of those who consumed it than did regular, store-bought brownies.

14

75. Defendant's representations and omissions of material facts for Lazy Cakes are by their very nature unfair, deceptive and/or unlawful within the meaning of California Bus. & Prof. Code §17500, *et seq.*, and were likely to deceive reasonable consumers.

76. In making and disseminating the representations and omissions alleged herein, Defendant should have known they were misleading, particularly given the existence of the FDA Warning Letter in which "Drank" manufacturers were cited for adulteration of a food product extremely similar to Lazy Cakes. Accordingly, Defendant acted in violation of California Bus. & Prof. Code §17500, *et seq.*

77. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and members of the Class have suffered harm.

78. Pursuant to Bus. & Prof. Code §17535, Plaintiff seeks an order of this Court for injunctive relief and disgorging and restoring all monies that may have been acquired by Defendant as a result of such deceptive acts and/or practices.

79. As a result of Defendant's violations of the FAL, Plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm.

80. Pursuant to Civil Code §3287(a), Plaintiff and members of the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct. The amount on which interest is to be applied is a sum certain and capable of calculation, and Plaintiff and members of the Class are entitled to interest in an amount according to proof.

## VIII. THIRD CAUSE OF ACTION
## VIOLATIONS OF THE CLRA, CAL. CIVIL CODE § 1750, *ET SEQ.*

81. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates by reference each preceding paragraph as though fully set forth at length herein.

82. This cause of action is brought pursuant to the CLRA.

83. Plaintiff and each member of the Class are "consumers" within the meaning of Civil Code §1761(d).

15

CLASS ACTION COMPLAINT FOR                    CASE NO.:
EQUITABLE RELIEF AND DAMAGES

84.     The purchase of Lazy Cakes by Plaintiff and each member of the Class were and are "transactions" within the meaning of Civil Code §1761(e).

85.     Defendant's marketing, promotion, and sales of Lazy Cakes within California, as alleged herein, violated the CLRA in at least the following respects for the reasons set forth in detail above: §1770(a)(5), (a)(7), (a)(9), (a)(14) and (a)(16). Plaintiff reserves the right to identify additional violations of this statute.

86.     Plaintiff seeks and is entitled to equitable relief in the form of an order for injunctive relief and:

       a. Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described above; and

       b. Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct described above.

87.     Plaintiff, by and through counsel, has previously notified Defendant in writing of the particular violations of section 1770 of the CLRA prior to the filing of this Complaint, and demanded that it take certain corrective actions within the period prescribed by the CLRA for such demands.

88.     As Defendant failed to adequately respond to the demands for corrective action within the time prescribed by the CLRA, Plaintiff also requests statutory damages, actual damages, plus punitive damages and interest as authorized by section 1780(a) of the CLRA.

89.     Regardless of an award of damages, Plaintiff also separately seeks and is entitled to, pursuant to section 1780(a)(2) of the CLRA, an order for the equitable relief described above, as well as costs, attorney's fees and any other relief which the Court deems proper.

## IX. FOURTH CAUSE OF ACTION
## FRAUDULENT CONCEALMENT

16

90.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates by reference each preceding paragraph as though fully set forth at length herein.

91.    Defendant withheld and suppressed facts in its advertising, labeling, packaging, marketing and promotion of Lazy Cakes that led consumers to falsely believe that Lazy Cakes posed no risk to the health of those who consumed it than did regular, store-bought brownies.

92.    Due to the safety matters at issue, Defendant was bound to disclose the truth about these matters, but failed to do so.

93.    Defendant was aware that its claims were false, given the prevalence of contradictory studies regarding the safety and efficacy of melatonin.

94.    Nevertheless, Defendant concealed the dangers inherent in Lazy Cakes potent melatonin content, and took steps in the advertising, labeling, packaging, marketing and promotion of Lazy Cakes to prevent consumers from learning the true facts regarding the Product.

95.    The concealment of the true facts from Plaintiff and members of the Class was done with the intent to induce Plaintiff and members of the Class to purchase and consume Lazy Cakes.

96.    The reliance by Plaintiff and members of the Class was reasonable and justified in that Defendant appeared to be, and represented itself to be, a reputable business.

97.    As a direct and proximate result of the fraud and deceit alleged, Plaintiff and members of the Class suffered actual damages in that they have been deprived of the benefit of their bargain and have spent money purchasing Lazy Cakes at a price premium when it actually had significantly less value — or no value — than was reflected in the price they paid for it.

17

CLASS ACTION COMPLAINT FOR
EQUITABLE RELIEF AND DAMAGES

CASE NO.:

98.   Defendant intended for consumers to rely on its advertising, labeling, packaging, marketing and promotion of Lazy Cakes, as well as its suppression of the true facts about Lazy Cakes, in purchasing and consuming the Product.

99.   Plaintiff and other members of the Class, in purchasing and using Lazy Cakes as herein alleged, did reasonably rely on Defendant's advertising, labeling, packaging, marketing and promotion of Lazy Cakes, as well as Defendant's suppression of facts, all to their damage as alleged.

100.   In doing these things, Defendant was guilty of malice, oppression and fraud, and Plaintiff and members of the Class are, therefore, entitled to recover punitive damages.

## X. FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT

101.   Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

102.   HBB has benefited from its unlawful conduct as detailed above by receiving revenues and profits derived from the sale of the Lazy Cakes.  HBB appreciated the benefit of the receipt of such revenues and profits.

103.   Because HBB was unjustly enriched and has received this revenue at the expense of Plaintiff and the Class based on false and misleading statements regarding Lazy Cakes, its efficacy and its safety, it would be inequitable for HBB to retain the benefits they gained from purchases of Lazy Cakes by Plaintiff and the Class members.

104.   Plaintiff and other Class members are entitled to the establishment of a constructive trust consisting of the benefit conferred upon HBB in the form of the excess revenues and profits derived from the sale of the Product and the return of any monies by which HBB was unjustly enriched.

## XI. SIXTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

18

CLASS ACTION COMPLAINT FOR                    CASE NO.:
EQUITABLE RELIEF AND DAMAGES

105. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

106. HBB represented that consumption Lazy Cakes would help users safely relax and sleep.

107. HBB had no reasonable grounds for believing its representations were true because the efficacy and safety of melatonin have never been scientifically evaluated to a statistically significant degree. HBB should have known, or had a duty to learn, about the true facts that contradicted its representations.

108. In making these representations to Plaintiff and the Class, HBB intended to induce Plaintiff and the Class to purchase Lazy Cakes.

109. At all times herein, Plaintiff and the Class were unaware of the falsity of HBB's statements.

110. Plaintiff and the Class reasonably acted in response to the statements made by HBB when they purchased Lazy Cakes.

111. As a proximate result of HBB's negligent misrepresentations, Plaintiff and Class members purchased Lazy Cakes without knowing the potentially harmful side effects or that there may be no effect at all.

112. Plaintiff and the Class have been damaged and therefore request appropriate relief as described below.

## XII. SEVENTH CAUSE OF ACTION
## FRAUD AND DECEIT

113. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

114. HBB, from the time Lazy Cakes were first made available to Class members, consistently deceived Plaintiff and the Class by: (1) making false uniform misrepresentations to Plaintiff, the Class, and the public, including, but not limited to, claims that the Product was safe and effective; and (2) concealing from Plaintiff, the Class and the public that the melatonin used in Lazy Cakes could be potentially

19

life threatening. Plaintiff and the Class were unaware these representations were false.

115. HBB either misrepresented or suppressed the material fact that Lazy Cakes could have deleterious side effects – or no effects at all.

116. When HBB made the foregoing misrepresentations, they knew or recklessly disregarded them to be false and/or had no reasonable basis for believing them to be true.

117. The misrepresentations and concealment of material facts were made and conducted by HBB with the intent to mislead and induce Plaintiff and the Class to purchase Lazy Cakes, and had the effect of doing so.

118. In affirmative response to the false, fraudulent and/or willful misrepresentations and concealment of material facts by HBB, Plaintiff and Class members were induced to and did purchase Lazy Cakes at a premium price over and above the cost of standard melatonin supplements.

119. Plaintiff and other Class members reasonably based their decision to purchase Lazy Cakes on the misrepresentations and omissions of material fact by HBB, and were damaged thereby.

120. HBB's acts were done willfully, maliciously, with fraudulent intent and with deliberate disregard of the rights of Plaintiff and the Class, requiring an award of exemplary damages in addition to actual damages.

121. Plaintiff and the Class request appropriate relief as described below.

## XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and the general public as appropriate, prays for a judgment as appropriate for the claims set forth above:

1. Certifying the Class as requested herein and nominating plaintiff's attorneys as Class Counsel;

CLASS ACTION COMPLAINT FOR      CASE NO.:
EQUITABLE RELIEF AND DAMAGES

2.     Awarding Plaintiff and the proposed Class members actual, statutory and punitive damages to be determined at trial;

3.     Awarding declaratory and injunctive relief as permitted by law or equity, including directing Defendant to identify, with Court supervision, victims of their conduct and pay them restitution and disgorgement of all monies acquired by Defendant by means of any act or practice declared by this Court to be wrongful as well as engage in a corrective advertising campaign;

4.     Ordering that Defendant be required to make full restitution of all monies wrongfully obtained as a result of the conduct described above and disgorge all ill-gotten gains flowing from the conduct described above.

5.     Ordering that Defendant be required to pay pre- and post-judgment interest on all such sums;

6.     Awarding attorneys' fees and costs; and

7.     Providing such further relief as may be just and proper.

## XIV. JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED: August 3, 2011            LAW OFFICES OF RICHARD A. PROAPS

                           By: _____
                              Richard A. Proaps, Esq.

                         LAW OFFICES OF RICHARD A. PROAPS
                         Richard Proaps, Esq. ( CAL: SBN 78898)
                         *rproaps@aol.com*
                         8150 Greenback Lane, Bldg. 200
                         Fair Oaks, California 95628
                         Tel: (916) 722-1665
                         Fax: (916) 722-4881

                         Attorneys for Plaintiff LEE CHERAMIE

21

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV11- 6549 R (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Richard A. Proaps  cal sbn 78898
Law Office of Richard A. Proaps
8150 Greenback Lane, Bldg. 200
Fair Oaks, CA 95628
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE CHERAMIE, individually and on behalf of all others similarly situated<br><br>PLAINTIFF(S)<br><br>v.<br><br>HBB, LLC, a Tennessee limited liability company, and DOES 1 through 10, inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11-6549 R (AJWx)**<br><br><br>**SUMMONS** |

TO:  DEFENDANT(S): HBB, LLC, a Tennessee limited liability company, and DOES 1 through 10, inclusive

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Richard A. Proaps_____, whose address is _8150 Greenback Lane, Bldg. 200, Fair Oaks, CA 95628_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _August 19 2011_

By: _AMY DeAVILA_

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07) SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Lee Cheramie, individually and on behalf of all others similarly situated

**DEFENDANTS**
HBB, LLC, a Tennessee Limited Llability Company, and DOES 1 through 10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Richard A. Proaps, Law Offices of Richard A. Proaps cal sbn 78898
8150 Greenback Lane, Bldg. 200, Fair Oaks, CA 95628
Tel: 916-722-16565

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No  ☑ MONEY DEMANDED IN COMPLAINT: $ 5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
CAFA 28 U.S.C. section 1332 et seq. diversity 28 U.S.C. section 1332(d)(2), (5). Misrepresentation and breach of warranty on consumer product

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☑ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV11-6549 R (AJWx)**

FOR OFFICE USE ONLY:  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT O. CALIFORNIA

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☑ A. Arise from the same or closely related transactions, happenings, or events; or

☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Tennessee |

(c) List the County in this District; California County outside of this District; State if other than California, or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Richard N. Pengo_  Date August 8, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |